Civil No. 03-1312

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL BERRIOS-VELEZ,<br>    **Plaintiff**<br>        v.<br>JO ANNE BARNHART, Commissioner of Social Security<br>    **Defendant** | **CIVIL NO.** 03-1312 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Plaintiff Miguel Berrios-Vélez ("Berrios") filed a complaint seeking judicial review of the Commissioner of Social Security's ("the Commissioner") decision to deny him disability benefits, pursuant to 42 U.S.C. § 205(g) and 405(g).  (Docket No. 1). The Commissioner answered the complaint and filed a memorandum of law in support of his determination (Docket Nos. 17, 18). Berrios also filed a memorandum of law in support of his position. (Docket No. 20).

On August 24th, 2005, Magistrate-Judge Aida Delgado issued a Report and Recommendation to: 1) REMAND the case for the limited purpose of determining whether during the relevant time period—from October 31st, 1993 to January 8th, 1995[1] —there existed a

---

[1] See Dockets No. 26 and 27.

Civil No. 03-1312                                                      2

significant number of jobs in the national economy that Berrios could perform; and 2) to AFFIRM the Administrative Law Judge's ("ALJ") decision in all other respects.  (Docket No. 24).

For the reasons set forth below, the Court **ADOPTS** the Magistrate-Judge's Report and Recommendation.

### FACTUAL BACKGROUND[2]

Berrios was born on January 3rd, 1953, has an eighth grade education, and is unable to communicate in English. His past work experience includes employment as a construction worker and as a heavy equipment operator. For the most part Berrios has lived in Puerto Rico, but during the period of alleged disability, he lived in New York.  Berrios seeks disability insurance benefits alleging an inability to work from October 31st, 1993 to January 8th, 1995, due to a visual impairment, spinal arthritis, a left knee condition, high blood pressure, a possible slipped disc and mental impairment.

Berrios originally applied for social security benefits on September 1st, 1995; however, he was denied benefits initially and upon reconsideration. On August 18th, 1997, after an administrative hearing, ALJ Robin J. Arzt found that Berrios was not disabled pursuant to the Social Security Act.  Berrios sought review by the Appeals Council which, on October 28th, 1998, affirmed the ALJ's

---

[2] The Court extracts the relevant facts from the Magistrate-Judge's Report and Recommendation.  (Docket No. 24).

Civil No. 03-1312                                                  3

decision, rendering it the final decision of the Commissioner. The matter was appealed to the U.S. District Court for the Southern District of New York, and upon stipulation by the parties, the case was remanded to the Commissioner pursuant to Sentence 6 of 42 U.S.C. § 405(g)[3]. The District Court did not enter final judgment, but a docket notation on the same date states, "Caseclosed purs. (sic) to instructions of Judge Rakoff". (Docket No. 1).

On June 8th, 1999, the Appeals Council vacated the final decision of the Commissioner and remanded the matter for further proceedings. More particularly, the Appeals Council directed the ALJ to obtain additional evidence to clarify the opinion of Dr. W. H. Chen ("Dr. Chen") that Berrios was limited to standing/walking for less than two hours per day, admit evidence from the Lincoln Hospital, and to address the issue of a possible mental impairment. The Appeals Council further directed the ALJ to take any additional action needed to complete the administrative record, and to issue a decision in accordance therewith.

Following remand, a second administrative hearing was held in San Juan, Puerto Rico, on January 9th, 2001, before ALJ Solomon

---

[3] The Stipulation and Order was entered on May 11th, 1999. (Docket No. 1).

Civil No. 03-1312                                                    4

Goldman.[4] During the hearing,[5] Berrios' counsel requested that the case be decided on the closed period from October 31st, 1993, to January 8th, 1995, inasmuch as Berrios had earnings in 1996, 1997 and 1998. On February 22nd, 2001, ALJ Goldman determined that the plaintiff was not disabled under the Social Security Act. Berrios did not appeal the decision to the Appeals Council. Nonetheless, in a remand situation if "no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand." 20 C.F.R. Sec. 404.984(d). Accordingly, the ALJ's decision is the final decision of the Commissioner of Social Security.

On March 13th, 2003, the case was transferred from the U.S. District Court for the Southern District of New York to this District (Docket No. 1).

**STANDARD OF REVIEW**

1) <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a).

---

[4] Berrios returned to live in Puerto Rico in the year 2000.

[5] Berrios and a vocational expert testified at the January 9th, 2001 hearing.

Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). Since the defendant filed timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

2) Standard for Review of a Social Security Disability Benefit Determination

To establish entitlement to benefits, Berrios bears the burden of proving that he became disabled within the meaning of the Act. See, e.g., Deblois v. Sec'y of Health and Human Services, 686 F.2d 76, 79 (1st Cir. 1982). Berrios may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. See 42 U.S.C. §§ 416(i)(1), 423(d)(1). Berrios' impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. See 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice

Civil No. 03-1312                                                    6

for an award of disability insurance benefits; Berrios must also be precluded from engaging in any substantial gainful activity by reason of such impairment. See, e.g., McDonald v. Sec'y of Health and Human Services, 795 F.2d 1118, 1120 (1st Cir. 1986). Moreover, Berrios' complaints cannot provide the basis of entitlement when they are not supported by medical evidence. Avery v. Sec'y of Health and Human Services, 797 F.2d 19, 20-21 (1st Cir. 1986).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v.Sec'y of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982). Through step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b). If he is not, the decision-maker proceeds to step two, through which he determines whether the claimant has a medically severe impairment or combination of impairments. See 20 C.F.R. §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or

Civil No. 03-1312                                                           7

combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. §§ 404.1520(e). If the claimant cannot perform this work, the fifth and final step of the process demands a determination on whether the claimant is able to perform other work in the national economy in view of his residual functional capacity, as well as his age, education, and work experience. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he cannot return to his former employment because of his alleged disability. Santiago v. Sec'y of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). Once a claimant has demonstrated a severe impairment that prohibits return to his previous employment, the Commissioner has the burden, under step

Civil No. 03-1312                                                          8

five, to prove the existence of other jobs in the national economy that the claimant can perform. <u>Ortiz v. Sec'y of Health and Human Services</u>, 890 F.2d 520, 524 (1st Cir. 1989).

Review of a Social Security disability benefit determination by this Court is limited by Section 405(g) of the Social Security Act, which provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g); <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971); <u>Manso-Pizarro v. Sec'y of Health and Human Services</u>, 76 F. 3d 15,16 (1st Cir. 1996).  Substantial evidence exists when a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support the Commissioner's conclusion.  <u>Irlanda Ortiz v. Sec'y of Health and Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991).  This Court must affirm the Commissioner's decision "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."  <u>Rodriguez-Pagan v. Sec'y of Health and Human Services</u>, 819 F.2d 1, 3 (1st Cir. 1987); <u>Coggon v. Barnhart</u>, 354 F.Supp.2d 40 (D.Mass. 2005).  Statute and long established case law make clear that the court's function is a narrow one limited to determining whether there is substantial evidence to support the Secretary's findings and whether the decision conformed to statutory requirements.  <u>Geoffroy v. Sec'y of Health and Human Services</u>, 663 F.2d 315, 319 (1st Cir. 1981).

Civil No. 03-1312                                                    9

**DISCUSSION**

Berrios objects to the Magistrate-Judge's conclusion that the ALJ did not err by declining to give controlling weight to Berrios' treating physician's (Dr. Chen's) finding of residual functional capacity ("RFC"), and instead adopting an RFC assessment completed by "non-examining, one-time, state agency consultants." Berrios also argues against the reliability of the RFC assessment conducted by a particular state agency physician, Dr. Pesquera (on which the ALJ markedly relied in reaching his conclusions), by pointing out that he "completed the form on November 17, 1995--more than ten months after the relevant period at issue." (Docket No. 27 at 2-3). Berrios thus concludes that the alleged misapplication of the "treating physician rule" merits "the decision to be wholly vacated and reversed[,] or in the alternative[,] remanded for a de novo hearing." Id., at 4. The Court disagrees.

Generally, the ALJ gives "more weight to the opinions from the claimant's treating physicians, because these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairments." 20 C.F.R. § 404.1527(d)(2). The ALJ will "give controlling weight to the opinions of treating physicians if well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record." Id. However, the First Circuit has recognized that "[w]hen a treating

Civil No. 03-1312                                                    10

doctor's opinion is inconsistent with other substantial evidence in the record, the requirement of "controlling weight" does not apply." See Shaw v. Sec'y of Health and Human Services, 25 F.3d 1037, No. 93-2173, 1994 WL 251000, at *3 (1st Cir. June 9th, 1994)(table decision); Coggon, 354 F.Supp.2d at 51; Sanchez v. Commissioner of Social Security, 270 F.Supp.2d 218, 221-222 (D.P.R. 2003; see also Schaal v. Apfel, 134 F.3d 496, 503 (2nd. Cir. 1998)(holding that after the 1991 SSA Regulations, the ALJ could opt for not giving controlling weight to treating physician's opinion if he/she states valid reasons for doing so).

In the case at bar, the ALJ adequately explained his reasons for not giving controlling weight to Dr. Chen's opinion. The ALJ acknowledged that Dr. Chen is Berrios' treating physician, but found that his assessment and opinion conflicted with other evidence in the record. Specifically, the ALJ noted that Dr. Chen's report refers to a lumbar MRI which was done subsequent to the closed period requested by claimant, on September 19th, 1995, which shows a L5-S1 left lateral herniation.[6] According to Dr. Chen's findings, the claimant was able to stand and walk less than 2 hours, walk without risk or severe pain about 2 city blocks, and was able to continuously sit for 10 minutes and to stand for 10 minutes. (Transcript at 221). The ALJ, however, did not adopt Dr.

---

[6] Dr. Chen's report is dated September 23rd, 1998. (Transcript at 221).

Civil No. 03-1312                                                              11

Chen's findings and instead concluded that the claimant's allegations of back pain, chest pain and joint pain were not entirely credible in light of the information contained in the documentary reports, "as well as the reports of the treating and examining physicians during the period at issue." (Transcript at 222). For instance, the ALJ noted that the claimant was prescribed a mild analgesic during the period in question (Naproxin EL 50gms and Tylenol), and that Berrios informed this medication helped him. <u>Id.</u> Furthermore, the ALJ found that the follow-up notes indicated that, during the same period, Berrios responded to physical therapy to the point where he was able to walk for 8 blocks. <u>Id.</u> Finally, the ALJ reported that Berrios' allegation of a visual condition consisted of a bilateral ptyergium, which required surgery on the right eye. However, the ALJ concluded that the condition was not severe, inasmuch as the visual acuity after correction was of 20/25. <u>Id.</u>

In reaching these conclusions, the ALJ stated that he considered the opinion of the treating physician, but explained that

> [a]lthough [Dr. Chen] is a treating source, the undersigned finds that [his] assessment and opinion conflicts with the evidence of record. The record includes observations made by all the physicians who have examined the claimant, specifically those at the physical rehabilitation services who reported as to the stability of claimant's condition and his ability to sit, stand and walk and the back range of movement. The findings of record disagree with that assessment submitted by Dr. Chen. Therefore, his opinion and assessment cannot be adopted. Accordingly, the undersigned finds the claimant

Civil No. 03-1312                                                        12

retains the following residual functional capacity: lift and carry up to 20 pounds, and stand and walk up to 6 hours. He cannot engage in activities which require prolonged, repeated, vigorous bending, stooping and crouching. Id. (citations omitted).

After de novo review, the Court finds that the RFC assessments relied upon by the ALJ provide specific reasons and support for their opinions. See e.g. Dr. Pesquera's RFC, Transcript at 66-73.[7] Moreover, as the Magistrate-Judge correctly noted, both of the RFC assessments submitted by Dr. Chen relied upon subjective testing that took place after the period at issue.[8] Hence, Berrios' argument that Dr. Pesquera's opinion must be discarded because it is based on testing performed after the period in question would equally disqualify Dr. Chen's.

In sum, the Court rules that the ALJ's decision is supported by substantial evidence in the record, as required by First Circuit standards. Contrary to Berrios' assertions, the Court finds that the ALJ properly considered and analyzed the medical evidence (both favorable and unfavorable) and explained why he gave weight to

---

[7] See Berrios Lopez v. Sec'y of Health and Human Services, 951 F.2d 427, 431 (1st Cir.1991)(the reports of two non examining, non testifying physicians constituted substantial evidence of the ALJ's finding regarding claimant's residual functional capacity because: 1)the reports contained written comments and medical conclusions rather than just "the mere checking of boxes denoting levels of residual functional capacity"; 2) the reports were consistent with each other; 3) and the physicians had available to them most, although not all, of the medical evidence for their review).

[8] Dr. Chen's opinions are dated August 31st, 1995,(Docket No. 24 at 12), and September 23rd, 1998. (Transcript at 221).

Civil No. 03-1312                                                      13

certain evidence but not to other.[9]

**CONCLUSION**

In light of the foregoing, the Court fully **ADOPTS** the Magistrate-Judge's Report and Recommendation and, accordingly, orders that the case be **REMANDED** for the limited purpose of determining whether during the relevant time period, there existed a significant number of jobs in the national economy that Berrios could perform. The ALJ's decision is **AFFIRMED** in all other respects.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 23rd day of November, 2005.

                                          S/Jay A. Garcia-Gregory
                                          JAY A. GARCIA-GREGORY
                                          United States District Judge

---

[9] Berrios also objected to the Magistrate-Judge's recommendation to affirm the ALJ's evaluation of pain and credibility. The Court does not entertain those objections because Berrios fails to specifically address and discuss them in his "Objection to Report and Recommendation." (Docket No. 27) See Rosado-Lebron v. Commissioner of Social Security, 193 F.Supp. 2d 415, 418 (D.P.R. 2002) (when the objections fail to comply with Local Rule 510.2 for lack of specificity, and the plaintiff simply restates the arguments that the Magistrate-Judge considered, he/she cannot expect the Court to treat the filing seriously).